## P H BUTLER CO v JUSTICE

Ohio Appeals, 7th Dist, Manoning Co

Decided Oct 18, 1935

C. F. Scanlon, Youngstown, for plaintiff in error.

W. L. Countryman, Youngstown, for defendant in error.

## OPINION

By CARTER, J.

Now, it is the claim of the plaintiff in error that the court committed error in a number of respects during the trial of the case in the lower court, and in seeking a reversal based upon these claimed errors. The first error of which complaint is made is that the court erred in giving the following request before argument, designated as request No. 1:

"Request No. 1. The court instructs you that the operator of an automobile entering a street intersection with the traffic light signalling go, has the legal right to rely upon all persons from any cross road who are not at the time in the intersection observing the stop signal as long as it is against them."

This traffic light appeared to have at the time three distinct signals, green, red and amber, and it is claimed that the court should have instructed the jury as to the meaning of these various signals and what the words "go" and "stop" included. This request is based upon the hypothesis that an automobile entering a street intersection with the traffic light signal "go," has the right to rely upon all persons from a cross road who are not at the time in the intersection, observing the stop signal as long as it is against them. We are unable to discover any real merit in this claim. The plaintiff claims he entered the intersection when the signal indicated go. Therefore, there is no claim that plaintiff entered the intersection on amber or the caution sig-

nal. The defendant claims he entered the intersection on the "go" signal and not on the caution or amber light, so there is no claim in the pleadings of either party that they entered or were in the intersection when this caution or amber light was on. There is no evidence that either drove into the intersection on the caution light, or was within the intersection on a caution light when the other entered.

The law given in a special request must be applicable to one or more of the issues and evidence adduced in the case. Each claim they entered the intersection on the "go" signal. There was no error in the giving of this request.

Complaint is made that the court did not define or explain the meaning of the words "go" and "stop" used in the request. It is common knowledge that the green signal means proceed and the red signal stop. We must assume that the jury is made up of practical women and men. However that may be, the court, in his general charge, fully explained these signals (green, "go," red, "stop", and amber a light of caution, ordinarily means that the intersection is to be cleared before another operation of motor vehicles can be countenanced or had in that intersection), so it is clear the jury were fully instructed before the rendering of their verdict as to the significance of these lights.

Plaintiff in error complains that the trial court erred in the giving of Request No. 2. This request reads as follows:

"It is a principle of law that when one unlawfully or negligently does an act which in its consequences is injurious to another, he is liable for the damage caused by such wrongful act. Damages may be defined as the recompense or satisfaction for the wrong done or an injury sustained as a direct result thereof, determined from a preponderance of evidence and include compensation such as will fully pay for the injuries sustained, for the pain and suffering undergone, and for such pain, suffering and inconvenience, if any, as found with reasonable certainty will be experienced in the future by reason of such injuries, and in addition thereto such amount of money as found from a preponderance of the evidence such injured person was required to expend for medical treatment, hospital and nursing care incurred by reason of the injuries sustained."

We have examined this request, which deals largely with the measure of damages in a case of this character and we find no error therein. The question of the amount of damages was one of the issues in the case.

The next complaint is that the court erred in the admission of testimony. The following question was propounded by counsel for plaintiff to the driver of the car in which the plaintiff was riding:

"Q. In September, 1933, Mr. Duncan, let me inquire whether or not there were road signs along road 14 in the neighborhood and approaching this intersection?"

Objection was made to the question by counsel for the defendant.

"COURT: He may tell what the physical facts were as to that date.

EXCEPTION.

A. There was a stop sign on road 14.

Q. Do you know at what point it was placed with reference to the side of the road, road 7? How far from Road 7 is what I have in mind."

Counsel for defendant objects and asks that the former answer be stricken and that the jury be instructed that since there was a traffic light at this particular intersection, the stop sign was not in force and effect.

"COURT: He may answer. Go ahead with the law suit.

EXCEPTION.

COURT: Take an exception.

A. Well, I don't know the exact distance back but it was back quite a ways, at least a hundred feet or more, and was on the north side of road 14; that is, to the right as we went north.

Q. To the right. and were there similar signs on both sides? Withdraw that. And were there similar signs along the side of road 14 on each side of the intersection?

A. Yes.

Q. That is, north of it and south of it?

A. Yes.

OBJECTION.

COURT: He may answer.

EXCEPTION."

This inquiry deals with stop signs along highway No. 14, and it is urged that inasmuch as there was an automatic traffic signal at the intersection, it was error to permit such inquiry, and it is claimed that the fact that there were other stop signs on route 14, such had no legal force and effect. It is true that if the light was shining green on Route 14 at the intersection as defendant was ready to enter same, he had the right to proceed, regardless of the

stop signs located along the sides of the highway. However, the court specifically charged the jury in his general charge:

"As far as the law of this case is concerned, you may disregard any evidence that may relate to the presence of stop signs upon this intersection so far as the same might be considered as a separate and distinct ground of negligence for predicating negligence and such act in failing to observe such stop signs. The signal light is the light or the sign which is to control the operators of these cars at the place at the time in question."

There was no prejudicial error in the admission of this testimony, and we must assume, in the absence of evidence to the contrary, that the jury followed the instructions of the court on this subject.

Complaint is made that the court erred in his general charge that an amber light means caution. The court charged that an amber light means caution and that when it was flashing the intersection is to be cleared before another operation of motor vehicles can be countenanced or had in that intersection, and one who enters the intersection on such light must use ordinary care and prudence. As heretofore suggested in this opinion, there was no claim or evidence that any of these parties were negligent while the amber light was on. However, the court did explain the meaning of each of these lights. There was no error in this part of the charge as given by the court. Defendant's own witness testified that the Studebaker entered the intersection on red and the truck entered the intersection on green, not amber. No testimony has been referred to the court in the briefs of plaintiff in error wherein the question of the amber light was involved relating to negligence on the part of either while that signal was being displayed.

We have considered all of the claimed errors in this case and we have come to the conclusion that there were no errors prejudicial to the rights of the plaintiff in error. Therefore the judgment of the lower court is affirmed.

The two issue rule has been suggested, but inasmuch as we hold that there was no prejudicial error committed in the trial of the case, it becomes unnecessary to pass on the application of this rule.

Judgment affirmed.

ROBERTS and NICHOLS, JJ, concur.